UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHERYL JONES,                  )
                               )
          Plaintiff(s),        )      No. C 09-2880 BZ
                               )
     v.                        )      **ORDER DENYING DEFENDANTS'**
                               )      **MOTION TO DISMISS FOR LACK**
BARRY WILLIAMS, et al.,        )      **OF PERSONAL JURISDICTION**
                               )
          Defendant(s).        )
_____)

     This case presents a question of first impression in an

area of law that remains somewhat unsettled: does a defendant's

continuous provision of medical care across state borders over

the telephone subject the defendant to jurisdiction in the

patient's home state?  *See generally* Dave R. Bonelli,

Annotation, In Personam Jurisdiction, Under Long-Arm Statute,

Over Nonresident Physician, Dentist, or Hospital in Medical

Malpractice Action, 25 A.L.R. 4th 706 (1983).

     Plaintiff has sued defendants Williams and Ritzman, both

citizens of New Mexico, for medical malpractice and related

///

///

claims.[1]  Plaintiff was a resident of Hawaii in 2000 when she
met Williams, a licensed therapist, in New Mexico and began
receiving therapy and counseling from him.  Plaintiff moved to
California in 2002 and last year returned to Hawaii.  Between
2000 and 2006, Williams provided weekly telephonic
psychotherapy and dream counseling to plaintiff from his home
in Taos, New Mexico.  On several occasions, Williams traveled
to California, at plaintiff's request, and provided treatment
to plaintiff and others at plaintiff's California residence.[2]
Between April 2005 and June 2006, Ritzman, Williams's wife,
provided weekly Shamanic counseling to plaintiff over the
telephone.  Defendants have moved to dismiss the complaint for
lack of personal jurisdiction or in the alternative to transfer
venue.

     The parties agree that California's long arm statute,
California Code of Civil Procedure § 410.10, allows the
exercise of personal jurisdiction on any basis consistent with
the federal constitution.  To demonstrate that California has
personal jurisdiction over Williams and Ritzman, plaintiff need
only make a *prima facie* showing.  *See* <u>Caruth v. Int'l</u>
<u>Psychoanalytical Ass'n</u>, 59 F.3d 126, 128 (9th Cir. 1995).  The

---

[1]     All parties have consented to my jurisdiction
pursuant to 28 U.S.C § 636(c) for all proceedings, including
entry of final judgment.

[2]     Although Williams alleges that plaintiff's foundation
invited him to California, I must construe this conflict in
plaintiff's favor.  In ruling on a motion to dismiss for lack
of jurisdiction, "uncontroverted allegations in [the] complaint
must be taken as true, and conflicts between the facts
contained in the parties' affidavits must be resolved in
[plaintiff's] favor."  <u>Rio Props., Inc. v. Rio Int'l Interlink</u>,
284 F.3d 1007, 1019 (9th Cir. 2002).

1   exercise of personal jurisdiction over a nonresident defendant

2   by a forum state is not inconsistent with due process if the

3   nonresident defendant has certain "minimum contacts" with the

4   forum "such that the maintenance of the suit does not offend

5   'traditional notions of fair play and substantial justice.'"

6   Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) *quoting*

7   Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

8        Courts may exercise either general or specific

9   jurisdiction over a nonresident defendant.  Helicopteros

10  Nacionales de Columbia S.S. v. Hall, 466 U.S. 408, 414 nn. 8-9

11  (1984).  Plaintiff contends that this court has general and

12  specific jurisdiction over both defendants.

13       **1.  Plaintiff has Failed to Establish General Jurisdiction.**

14       General jurisdiction applies where a defendant's

15  activities in the state are "substantial" or "continuous and

16  systematic," even if the cause of action is unrelated to those

17  activities.  Data Disc, Inc. v. Systems Tech. Assoc., 557 F.2d

18  1280, 1287 (9th Cir. 1977).  Where general jurisdiction is

19  inappropriate, a court may still exercise specific jurisdiction

20  if the defendant has sufficient minimum contacts with the forum

21  state in relation to the plaintiff's cause of action.  Id.  In

22  Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082,

23  1086 (9th Cir. 2000) the court stated the standard is "fairly

24  high and requires that the defendant's contacts be of the sort

25  that approximate physical presence."[3]  (Internal citations

26  ───────────────

27       [3]    The factors to consider for general jurisdiction
    include "whether the defendant makes sales, solicits or engages
    in business in the state, serves the state's markets,

28  designates an agent for service of process, holds a license, or

1  omitted).

2      Williams's contacts with the state of California are not

3  sufficient for general jurisdiction.  Williams provided weekly

4  telephonic counseling sessions to plaintiff between 2000 and

5  2006.  He traveled to California three times at plaintiff's

6  invitation to counsel her and other California residents.  For

7  eleven to fifteen days between 2000 and 2006 Williams was a

8  professor in residence at the Pacifica Graduate Institute in

9  Carpinteria, California.[4]

10     These contacts are plainly insufficient to "approximate

11  physical presence."  <u>Bancroft</u>, 223 F.3d at 1086.  Aside from a

12  handful of seminars and his teaching position, Williams

13  conducted no business in the state of California during the

14  relevant time period.  Williams is not licensed nor does he

15  hold himself out to be a licensed California physician.

16  Plaintiff does not allege that Williams regularly conducts

17  business in California, that he serves the state's markets, or

18  that he has an agent for service of process in the state.

19     Most of the contact with California took place over the

20  phone.  Plaintiff has cited no authority for the proposition

21  that phone calls can give rise to general jurisdiction.  By

22  their very nature, phone calls do not approximate physical

23  presence.

24     Ritzman's contacts with California are even more

25  attenuated than Williams's.  Between 2000 and 2006 she only

26  _____

27  is incorporated there."  <u>Bancroft</u>, 223 F.3d at 1086.

28      [4]    None of plaintiff's claims arise from this contact.

1   visited California for occasional week long vacations.  She

2   never traveled to California for business.  The bulk of

3   Ritzman's contact with California occurred telephonically, when

4   she consulted with plaintiff on a weekly basis between April

5   2005 and June 2006.  For the same reasons as Williams,

6   Ritzman's contacts with California are not sufficient for

7   general jurisdiction.

8       **2.  Plaintiff has Established Specific Jurisdiction.**

9       In order to find specific jurisdiction: "1) the

10  nonresident defendant must have purposefully availed himself of

11  the privilege of conducting activities in the forum by some

12  affirmative act or conduct; 2) plaintiff's claim must arise out

13  of or result from the defendant's forum-related activities; and

14  3) exercise of jurisdiction must be reasonable."  <u>Roth v.</u>

15  <u>Marquez</u>, 942 F.2d 617, 620-21 (9th Cir. 1985).

16      **A.  Plaintiff has Shown Purposeful Availment.**

17      To prove the first element in a tort case, plaintiff must

18  show "purposeful direction," defined by the "three-part

19  'effects' test traceable to the Supreme Court's decision in

20  <u>Calder v. Jones</u>, 465 U.S. 783 (1984)."  <u>Schwarzenegger v. Ford</u>

21  <u>Martin Motor Co.</u>, 374 F.3d 797, 800 (9th Cir. 2004).  The

22  defendant must have 1) committed an intentional act, 2)

23  expressly aimed at the forum state, which 3) causes harm that

24  the defendant knew was likely to be suffered in the forum

25  state.  <u>Id.</u>

26      Under this test, I find that plaintiff has alleged facts

27  sufficient to establish jurisdiction.  In 2000, the parties met

28  at a conference in defendants' hometown of Taos, New Mexico.

1   Shortly thereafter, plaintiff and Williams began a doctor-

2   patient relationship that lasted over six years.  In 2002,

3   plaintiff moved to California and continued calling Williams on

4   a weekly basis for psychotherapy and dream analysis.  On 2 or 3

5   occasions Williams came to California at plaintiff's request to

6   conduct therapy sessions.  At those therapy sessions, Williams

7   provided dream analysis and psychotherapy to plaintiff and

8   others.  Ritzman's contacts are not quite as numerous.  Her

9   primary contact with plaintiff consisted of weekly Shamanic

10  counseling sessions over the course of fourteen months.

11      Both defendants committed intentional acts within the

12  "specialized meaning" of the <u>Calder</u> effects test.

13  <u>Schwarzenegger</u>, 374 F.3d at 806.  The standard for this element

14  is very low.  *See* <u>Id.</u>  Both defendants intentionally spoke to

15  the plaintiff on the telephone.  Williams intentionally

16  traveled to California and performed dream analysis at

17  plaintiff's request.

18      Plaintiff has also shown that defendants "expressly aimed"

19  their intentional acts at California.  <u>Id.</u>  From 2002 until

20  2006 Williams treated plaintiff while she was California at

21  least two times per week.  Williams knew where the plaintiff

22  lived, and continued to accept payment for treatment.  As the

23  court in <u>Schwarzenegger</u> wrote, "the 'express aiming' analysis

24  depends, to a significant degree, on the type of tort or other

25  wrongful conduct at issue." <u>Id.</u> at 807.  The complaint plainly

26  states that Williams specifically directed his treatment

27  towards plaintiff, and it was the abuse of this relationship

28  that gives rise to this cause of action.  The same analysis

1  applies to Ritzman's telephonic treatment of plaintiff.  Both

2  defendants directed their activities towards the plaintiff in

3  California over a continuous and sustained period of time.

4       The third element of the Calder test is similarly met.

5  Williams must have known that for a four year period and for

6  over four hundred treatment sessions, that plaintiff would have

7  felt any benefit or harm in California.  Ritzman too must have

8  known that if the treatment was detrimental to plaintiff, she

9  would feel the harm in California.

10      Defendants' reliance on Prince v. Urban, 49 Cal. App. 4th

11  1056 (4th Dist. 1996), and Wright v. Yackley, 459 F.2d 287 (9th

12  Cir. 1972), is misplaced.  Both of those cases found personal

13  jurisdiction in the forum state lacking where the primary

14  medical care was rendered in the doctor's home state but

15  follow-up care occurred in the forum state.  For example, in

16  Prince, the California plaintiff was referred to the defendant

17  Illinois doctor for treatment of her headaches.  After

18  returning to California, the plaintiff had numerous phone

19  consultations with the defendant, for which she paid.  The

20  defendant also mailed medications directly to the plaintiff and

21  arranged to have the plaintiff's prescriptions filled in

22  California.  The court affirmed a dismissal for lack of

23  personal jurisdiction because "the doctor-patient relationship

24  was not the result of any 'systematic or continuing effort . .

25  . to provide services' to be 'felt' in California."  Id. at

26  1064 quoting Wright, 459 F.2d at 290.

27      This case is distinguishable from Wright and Prince for

28  one principal reason; these defendants did engage in a

"systematic or continuing effort" to provide services that
would be felt in California.  Unlike the plaintiffs in Wright
and Prince who traveled out of state for a discrete medical
procedure, and received follow-up treatment in their home
states, plaintiff here received her principal treatment during
six years of twice weekly telephonic therapy and counseling
while she was in California, for four of the years, and in
Hawaii for two.  The alleged malpractice occurred, in part, not
because of a discrete act by a defendant, but because of a
breach of a relationship plaintiff alleges was one of trust,
built over many treatment sessions, presumably all of equal
importance.  The regularity, frequency, and quality of the
contact between Williams and plaintiff sets this case apart
from Wright and Prince.[5]

Williams's trips to California, specifically those where
he came at plaintiff's request, further set this case apart
from Wright and Prince.  Unlike the defendants in Wright and
Prince, Williams conducted business while physically present in
the forum state.  The trips to California and the treatment
rendered to plaintiff during those trips, partially give rise
to the plaintiff's claims and further show that Williams made a
continuous and sustained effort to cause effects in the forum
state.

///

_____

[5] A number of courts in recent years have sustained
jurisdiction over doctors who had systematic or continuous
contacts with a forum state.  See Kennedy v. Freeman, 919 F.2d
126 (10th Cir. 1990), Walsh v. Chez, 418 F. Supp. 2d 781 (W.D.
Penn. 2006), Ray v. Heilman, 660 F. Supp. 122 (D. Kan. 1987).

**B.   The Claims Arise out of the Forum Related Activities.**

Plaintiff claims that most of defendants' tortuous conduct took place during telephone conversations, and that those telephone conversations are defendants' primary contacts with California.   Further, the therapy that Williams provided to plaintiff while in California forms part of the basis for the complaint.

Defendants argue that plaintiff's damage claims primarily stem from a fraudulent real estate transaction regarding a piece of real property located in New Mexico. Plaintiff argues that her loss on this transaction is just one component of the damages she seeks, that defendants improperly induced her to enter into this transaction, and that most of the damages she suffered were a result of the alleged medical malpractice, not the real estate transaction.   Because I must resolve any conflicts in plaintiff's favor, I find that her damage claims are sufficiently related to defendants' forum related activities.

**C.   It is Reasonable for the Defendants to Defend Themselves in California.**

With respect to the burden on defendants, Williams traveled to California to treat plaintiff and others and to teach.   It does not appear to be terribly burdensome to require him to travel to California to defend himself in an action partially arising out of some of those contacts.

Ritzman presents a closer case.   Her contacts with California were not nearly as numerous or continuous as Williams.   Nevertheless, she did treat plaintiff over the phone

1  for a period of fourteen months while plaintiff lived in

2  California.  Ritzman shares the same counsel as Williams and is

3  defending against most of the same claims.  On balance, it does

4  not appear to be burdensome for Ritzman to defend herself here.

5       Because I have found that plaintiff has established

6  specific jurisdiction, defendants' motion to dismiss is **DENIED.**

7  The motion to transfer venue is also **DENIED** as defendants have

8  not made a showing that New Mexico would be the more convenient

9  forum.  Defendants must file an answer by **October 12, 2009**.

10 Dated: September 30, 2009

11 _____
                   Bernard Zimmerman
12                 United States Magistrate Judge

13

   G:\BZALL\-BZCASES\JONES v. WILLIAMS\Order Denying Defendant's Motion to
14 Dismiss for Lack of Personal Jurisdiction v 3.wpd

15

16

17

18

19

20

21

22

23

24

25

26

27

28